# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| GLADYCE HONSINGER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| REECE & NICHOLS REALTORS, INC. | )   JURY TRIAL DEMANDED |
| | ) |
| And | ) |
| | ) |
| HOMESERVICES OF AMERICA, INC., | ) |
| | ) |
| Defendants. | ) |

## PLAINTIFF'S COMPLAINT

Plaintiff, Gladyce Honsinger, states and alleges the following against defendants Reece and Nichols, Inc. and Home Services of America, Inc.

## NATURE OF THE COMPLAINT

1. This is an action for legal and equitable relief brought under the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 *et seq*., and Kansas Age Discrimination in Employment Act ("KADEA"), K.S.A. 44-1111 *et seq*.

2. Ms. Honsinger was terminated because of her age.

3. The unlawful conduct of the defendants deprived Ms. Honsinger of her employment and directly resulted in the significant loss of financial compensation and other benefits which she would have earned and been entitled to but for the discrimination alleged in this complaint.

## PARTIES

4. Ms. Honsinger is a 69-year-old American female and USA citizen domiciled in Jackson County, Missouri.

5.  ReeceNichols is a Berkshire Hathaway affiliate that employs real estate agents in at least 28 branch offices and 29 franchise offices across Kansas and Missouri. ReeceNichols corporate headquarters is in Leawood, Kansas, and it employs at least 200 employees.

6.  HomeServices of America, Inc. is a Berkshire Hathaway affiliate, purportedly headquartered in Minneapolis, Minnesota. It employs at least 500 employees. According to Home Services of America's website, "We are our companies," which includes ReeceNichols.

7.  HomeServices of America, Inc. (i) has the power to hire and fire employees of ReeceNichols; (ii) supervised and controlled the work schedule and conditions of work for employees of ReeceNichols; (iii) determined the rate and method of payment of employees of ReeceNichols; (iv) used ReeceNichols equipment and premises for employee work. Home Services of America acts directly in the interest of ReeceNichols and was actively involved in the discriminatory conduct.

8.  HomeServices of America was responsible for establishing and training employees of ReeceNichols, investigating complaints, and disciplining employees of ReeceNichols.

9.  HomeServices of America and ReeceNichols share employees, policies and procedures, and business records are assessable between the organizations.

10. Involuntary terminations by ReeceNichols must be approved by Home Services of America under the relevant employment policies.

11. HomeServices of America human resources policies is provided to ReeceNichols employees.

12. Plaintiff was paid by "HomeServices of America."

13. Plaintiff's performance appraisals are conducted on HomeServices of America documents.

14. Both HomeServices of America and ReeceNichols employed and shared plaintiff, jointly determined the essential terms of plaintiff's employment, and jointly exercised significant control over plaintiff.

15. Both companies share common management, have common ownership and financial control, have interrelated operations, and a centralized control of labor relations. Further, they could constitute, among other things, a "single employer" or "joint employer" under the ADEA. Accordingly, both are collectively referred to herein as "ReeceNichols" or "company," or "defendants."

16. HomeServices of America and ReeceNichols are authorized to do business in Kansas. They are an "employer" as defined by the ADEA because they engage in an industry affecting commerce and had twenty or more employees for each working day in at least twenty or more calendar weeks in every year of plaintiff's employment with them.

17. Plaintiff was employed by defendants and worked at its office at 11601 Granada Lane, Leawood, Kansas 66211. Defendants treated plaintiff as an employee as it related to employment, compensation, taxes, and workers' compensation.

**JURISDICTION AND VENUE**

18. Plaintiff submits to the jurisdiction of this Court for the adjudication of the claims alleged herein.

19. Defendants are generally subject to personal jurisdiction to Courts of Kansas because it has consented to jurisdiction in Kansas by applying and receiving permission from the

Kansas Secretary of State's Office to do business in Kansas as a corporation and because defendants conduct ongoing, substantial and continuous business in Kansas.

20. Defendants are subject to personal jurisdiction in this Court for the specific purposes of this lawsuit because the acts and omissions alleged herein took place in Kansas, within this Court's territorial jurisdiction.

21. This Court has original subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331 because plaintiff's claims arise under federal law.

22. The Court has supplemental jurisdiction over plaintiff's state law claim under 28 U.S.C. § 1367.

23. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to plaintiff's claims occurred within this District.

## ADMINISTRATIVE PROCEDURES

24. On April 24, 2021, plaintiff filed a charge against defendants with the Equal Employment Opportunity Commission, Charge No. 563-2021-01620/22, and Kansas Human Rights Commission. *See* Exhibit. 1, attached and incorporated as if fully set forth herein.

25. On October 13, 2021, or shortly thereafter, the EEOC and KHRC issued plaintiff a Notice of Right to Sue. *See* Ex. 2.

## FACTUAL SUPPORT

26. In 2001, plaintiff began working for defendants.

27. Plaintiff started as a real estate agent, and on May 16, 2016, became centralized processing manager.

28. In February 2019, plaintiff became quality assurance manager.

4

29. Her duties included reviewing real estate contracts to ensure they met all the necessary requirements and complied with Missouri and Kansas law.

30. Plaintiff's work performance, at all relevant times, was consistent with defendants' legitimate expectations, and she met or exceeded expectations and goals set. She received positive feedback regarding her work performance at all relevant times.

31. Plaintiff was never disciplined for any unethical conduct.

32. Plaintiff has all the required qualifications for the work she performed for defendants.

33. In 2018 or 2019, Mike Frazier became the CEO of ReeceNichols. Mr. Frazier was simultaneously employed by and paid by Home Services of America, and acting in Home Services' interest.

34. Mr. Frazier and other management personnel discussed that they wanted to get rid of older workers and replace them with younger workers.

35. Mr. Frazier and the company's attorney discussed that they did not understand why anyone would want to work over 70 years-old, and they thought there should be mandatory retirement.

36. Mr. Frazier frequently made derogatory age-related remarks about female employees.

37. For example, on occasion, he referred to female employees over 60 as "dinosaurs."

38. On an almost daily basis, he would make comments to older female employees such as, "you are getting lines in your forehead, why don't you get them filled," "want to turn

your hearing aids up," "your gray is showing . . . need Ginkgo?," "that is what happens to you when you get old."

39. Female employees over 60 were frequently asked about their retirement plans. Mr. Frazier would comment: "When are they going to retire. Are they going to die at their desk?"

40. If a female employee expressed that she intended to work for several more years, the employee would be ostracized, given administrative tasks, forced to resign, and in some cases terminated.

41. When Mr. Frazier became CEO, several female employees over 60 were forced to retire, or effectively terminated.

42. Mr. Frazier commented that he "was glad to get rid of old dinosaurs like" the female employees that were pushed out. Mr. Frazier further commented that the company needed to get "young people in here" with "fresh thoughts," and older workers were "not relevant anymore" with "old ideas" that were "not fresh."

43. The employees who were pushed out were replaced by younger workers.

44. Mr. Frazier would publicly make derogatory jokes about employees over 60 and ask them questions about their age.

45. In December 2019, Mr. Frazier effectively terminated a 70-year-old employee and chastised the employee for talking to a female employee with "gray hair."

46. In November 2020, an employee complained to the company about age discrimination.

47. The company took no action regarding the complaint.

48. On November 2, 2020, Mr. Frazier terminated plaintiff.

49. The termination was in violation of Home Services employment policies.

50. Pushing out older workers is a pattern and practice by defendants.

51. Defendants made representations that plaintiff was terminated for financial reasons. Those representations were false.

52. Similarly situated younger employees in plaintiff's department were not terminated.

53. Plaintiff was more qualified similarly than situated youngers in her department who were not terminated.

54. Plaintiff's job duties were given to significantly younger workers. She was effectively replaced by younger workers.

## COUNT I

### ADEA and KADEA – Age Discrimination

### (Against ReeceNichols and Home Services of America)

55. Plaintiff incorporates by reference every other allegation made herein.

56. Plaintiff is a qualified individual over the age of 40.

57. Plaintiff was qualified to perform the essential functions of her job and other positions.

58. Plaintiff was treated differently and unfairly because of her age.

59. Plaintiff's age was a motivating factor in defendant's decision to terminate plaintiff.

60. Plaintiff's age is the reason that defendants terminated her.

61. The conduct alleged herein adversely affected the terms, conditions, or privileges of plaintiff's employment.

62. Defendants were aware of the ADEA's prohibition of age discrimination such that defendant's conduct was willful, entitling plaintiff to an award of liquidated damages.

63. Defendants' conduct was outrageous, intentional, willful, or shows evil motive or reckless indifference or conscious disregard for plaintiff's rights and the rights of others; therefore, defendants are liable for liquidated damages.

64. Defendants, through their agents and employees, engaged in discriminatory practices with malice or reckless indifference to plaintiff's federally protected rights.  Defendants are therefore liable for all damages available under the ADEA and KADEA.

WHEREFORE, plaintiff prays for judgment against defendants on Count I of this complaint, for a finding that plaintiff was subjected to unlawful discrimination; for monetary losses, back pay, payment of wages owed, injunctive relief, declaratory judgment, liquidated damages, equitable relief, front pay, costs expended, attorney and expert fees, pre-judgement and post-judgement interest, for all other relief under the ADEA and KADEA that is available or may become available, including compensatory, emotional distress and punitive damages, and for such other and further relief the Court deems just and proper.

**Designated Place of Trial**

Plaintiff designates the United States District Court for the District of Kansas at Kansas City as the place of trial.

Respectfully submitted,

DCG LAW FIRM, LLC

By: /s/ *Dione C. Greene*
    Dione C. Greene  KS #23010
    4700 Belleview Ave
    Kansas City, Missouri 64112
    Telephone: 816.560.5256
    dcgreene@dcgreenelaw.com

ATTORNEYS FOR PLAINTIFF GLADYCE HONSINGER

CERTIFICATE OF SERVICE

I hereby certify that on January 7, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system.

/s/ *Dione C. Greene*
Attorney For Plaintiff Gladyce Honsinger